**Ciro FLORES–FLORES, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–73857.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2011.*

Filed June 29, 2011.

Manuel Rios, III, Rios & Cruz, PS, Seattle, WA, for Petitioner.

Geoffrey Forney, Jem C. Sponzo, Esquire, Daniel Eric Goldman, Esquire, William Charles Peachey, Senior Litigation Counsel, Yamileth G. Handuber, DOJ–U.S.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

### MEMORANDUM **

Ciro Flores–Flores, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence determination, *Gutierrez v. Mukasey,* 521 F.3d 1114, 1116 (9th Cir.2008), and review de novo questions of law, *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

Substantial evidence supports the agency's determination that Flores–Flores did not meet the continuous physical presence requirement where the record contains a Form I–826, Notice of Rights and Request for Disposition, which indicates that Flores–Flores knowingly and voluntarily accepted voluntary departure. *Cf. Ibarra–Flores v. Gonzales,* 439 F.3d 614, 619–20 (9th Cir.2006) (insufficient evidence that alien knowingly and voluntarily accepted voluntary departure where record did not contain the Form I–826 and petitioner's testimony suggested that he ac-

cepted return due to misrepresentations by immigration officers).

Flores–Flores' claim that the agency's reliance on the Form I–826 violated due process fails because Flores–Flores did not demonstrate prejudice. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring prejudice to prevail on a due process claim).

Flores–Flores' remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

